UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING
LLC, a/a/o John Polsenberg and Regina
Polsenberg

    Plaintiff,

v.                                                 Case No.:  2:19-cv-738-FtM-38MRM

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Federal Insurance Company's ("FIC") Notice of Removal. (Doc. 1). This breach of contract suit stems from damage that Hurricane Irma caused to FIC's insured. (Doc. 3). Plaintiff CMR Construction & Roofing LLC fixed the damage, but FIC allegedly did not pay it for its work. CMR thus sued FIC in Florida state court. FIC then removed the case to this Court based on diversity jurisdiction. (Doc. 1).

Removal permits a defendant to move a case from state court to a federal district court when the federal court has original subject matter jurisdiction over the suit. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Because removal jurisdiction raises significant federalism concerns, federals courts are directed to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

construe removal statutes strictly" and resolve "all doubts about jurisdiction . . . in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Diversity jurisdiction question is one type of original jurisdiction. And a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Here, FIC does not show a diversity of citizenship between the parties. A limited liability company ("LLC"), like CMR, is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). But the Notice of Removal merely says that CMR "is a Florida limited liability company whose members are all citizens of Florida, and therefore Plaintiff is a citizen of Florida." This blanket allegation is insufficient because the Court has no information on the members of CMR and their domiciles. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating an individual is a citizen where he is domiciled, not necessarily where he is a resident). Without such allegations, FIC has not adequately pled diversity of citizenship and this Court lacks subject matter jurisdiction over this case.

Accordingly, it is now

**ORDERED:**

Defendant Federal Insurance Company must **SUPPLEMENT** the Notice of Removal on or before **October 29, 2019**, to show cause why this case should not be

remanded for lack of subject matter jurisdiction. **Failure to comply with this Order will cause this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of October 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record